82,778-01

From: Desmond Ledet

TO THE HONORABLE CLERK OF THE COURT OF CRIMINAL APPEALS:

Please file this objection with the Court concerning my writ of habeas corpus. My mother was informed by the POST-CONVICTION WRIT CLERK of Tarrant County, TX("Cindy") in Fort Worth that on Jan.23rd ,2015 my writ of habeas corpus was forwarded to your honorable Court. I have not yet received any notice from you, but since my writ is there with you, I file this urgent objection. Please do send me notice that you received this objection please.

Also please send me notice of receiving my writ with the proper **writ#(assigned by your Court). The only cause number I know at this point is the one the Tarrant County District Clerk assigned to my writ. It is. WRIT NO. C-396-010272-1152016-A**

**My** habeas corpus trial court was the 396th Judicial District Court of Tarrant County. Again,you should have the writ. It was sent to you on Jan.23rd,2015.

THANKYOU!

Please notify me of the writ# in your Court.

Desmond Ledet  #01651095
Telford Unit
3899 State Hwy.98
New Boston, TX 75570

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 05 2015

Abel Acosta, Clerk

Desmond Ledet

2-2-2015

TARRANT COUNTY TEXAS 11.07 WRIT NO. C-396-010272-1152016-A
COURT OF CRIMINAL APPEALS WRIT #_____

EX PARTE                          §
                                  §
                                  §   IN THE **TEXAS COURT OF CRIMINAL**
                                  §   **APPEALS, AUSTIN, TX**
                                  §
DESMOND LEDET                     §

URGENT NOTICE THAT THE TRIAL COURT'S ADOPTION OF THE STATE' PRO-
POSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IS IN ERROR BECAUSE
THOSE FINDINGS AND LEGAL CONCLUSIONS ARE INCORRECT, INACCURATE,
AND INCOMPLETE.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

I, Desmond Ledet, Applicant pro-se, humbly and respectfully pre-
sent you this objection. I have several objections with attached
exhibits that will indisputably show this Court that the trial
court(Hon. George Gallegher) has adopted inaccurate, incomplete,
and incorrect fact findings and legal conclusions. I am having
a little problem getting to the prison mailroom to mail the de-
tailed objections certified return reciept requested. Today is
Sunday Feb. 1st at 11:55 Pm. I was scheduled to go to the mail-
room tommorrow to mail off my objections. Unfortunately, around
10:15 in the section of this prison I live in(4-build-D-Pod-29Top
) a young mexican guy assaulted an officer, other officers got in-
volved, and another older spanish male jumped in to help the
younger spanish guy.(Verifiable by a call to the Warden). Anyway
as a result until the prison officials can review the cameras and
determine exactly what occured, they may keep this section of 4-
building on lockdown or suspended activity. Which could prevent
me from being allowed to go to the mailroom to mail your Court
the objections I have prepared tommorrow.

p.1 objection

Out of desperation I will hand this quick notice to an officer through my cell and pray that he puts it in the mailbox. I have not yet received your card telling me that you have received my writ. Yet the Post-Conviction writ Clerk in Tarrant County informed my mother over the phone that on Jan 23rd, 2014 the writ (11.07) was mailed to your Court. I will not know the writ number in your Court until you inform me. Attached is a brief example of how incorrect the trial Court's adopted findings are:

1: Please notice that on p.9 of the "State's proposed Memorandum, Findings of Fact and Conclusions of Law" adopted by the trial court, at ¶45 it states:

**"This Court finds Hon. Fortinberry's affidavit credible and supported by the record."**

2: Those finding do not tell you that Hon. Fortinberry's affidavit is under review by the State Bar's Office of Chief Disciplinary Counsel for containing perjurious statements ——presenting multiple false statements of material facts to the habeas tribunal. Here's only one example:

a: attached to this objection is a copy of the Reporter's Record, p.109 lines 3-5. The record indisputably shows my defense attorney, Hon. Fortinberry admonishing me by asserting:

**"Mr. Ledet, you do understand that if you take the stand as a witness, that as a witness <u>you lose the presumption of innocence</u>".**

See that attached herein on p.**7** objection.

b: in contrast see Hon. Fortinberry's affidavit also attached in which he commits **aggravated perjury** and states (in response to my Ground #25):

**"This is simply not true. I did not ever tell Petitioner that he lost the presumption of innocence."**

See that perjury(proven by the record) attached herein on p. **10** objection.

3: Clearly Hon. Fortinberry's affidavit is not credible, nor is it supported by the record.

4: That is only one example. I already have the rest in motion form ready to mail to you certified with exhibits attached as I am allowed to go to the mailroom.

5: Nothing Fortinberry said in that affidavit that is not supported by the record is true.

   a: His entire response to Grounds 5-19 is perjury. I have asked the State Bar to subject him to a lie detector test.

   b: His answer to Ground #20 is irrelevant and sidestepping answering the ground. See his attached affidavit.

   c: In Ground #20 Hon. Fortinberry alludes that he made an objection to the complained of line of questioning. See his Affidavit. The Reporter's Record proves that he never objected. And the ground is a ground that he failed to object. He is intentionally flipping the ground to appear that I complained that he failed to object, and then erroneously claiming he did object. In his affidavit he states(responding to Ground #20):

   "...So I do not see how it was ineffective for me to object to this line of questioning."

See that attached herein on p.**9** objection.

Again the record proves that his affidavit is not credible.

That issue is also before the State Bar's Office of Chief Disciplinary Counsel being reviewed presently.

6: His answer to Ground #24 and a good look at the record proves it. (Already prepared in another objection I will send this Court when I go to mailroom). He's not credible.

7: In his affidavit he never gave a response to the issue raised in GRound #33(second issue out of two) that he was ineffective for not attempting to obtain impeachment and exculpatory evidence.

8: In his affidavit he again commits perjury claiming in his response for Ground #30, 31 & 32, that those grounds are based in **two** police reports in which the alleged victim in my case is the "INJURED PARTY", WHEN THE TRUTH IS THOSE GROUNDS PERTAIN ALL TOGETHER TO **FOUR** SEPERATE POLICE REPORTS—AND IN ONE OF THEM, Arlington Report #01-24022, which is the second report raised in ground #30 **the alleged victim in my case is the SUSPECT, not "the injured party"** as put by Hon. Fortinberry in his perjurious affidavit.

See his Affidavit attached herein on p.**10** objection.

p.3 objection

9: These and more issues involving his perjurious affidavit are before the State Bar. The Affidavit is far from credible and only but a few things he said that are actually supported by the record are trully supported by the record.

   a: The trial Court filled the entire public seating area with prospective jurors leaving no accomodations for the public in the gallery.(Proven by the record cited in the Application for GRounds #1-#2).
        In his affidavit Fortinberry asserts:

   "...the gallery was full" That's true.

   See that attached herein on p. **8** objection(Hon.Fortinberry response to Ground #2.)

10: The entire courtroom was full with potential jurors, yet there was space in the jury box and around the walls where my parents who had to wait out in the hall could have sat at had the judge performed the WALLER TEST and considered reasonable alternatives to closure, or fulfilled his obligation make accomodations for the public.
        In his Affidavit Fortinberry asserts:

   "Although the courtroom was full, there was space for Petitioner's parents" That's true. The courtroom was full with potential jurors, there was an empty jury box and space around the walls where they could have **brought in at** least **two chairs** to sit along the **wall for my two parents to sit.** There was no space in the public seating area.

   See that attached herein on p. **8** objection(Hon. Fortinberry response to Ground #1)

11: For some strange reason the State in the proposed findings adopted by the Court **have erroneously listed in those findings my Ground #20 as a Prosecutorial MIsconduct Ground.** That is extremely incorrect. My Ground #20 in which Hon. Fortinberry tried to mislead this Court he made an objection in,is an **INEFFECTIVE ASSISTANCE OF COUNSEL GROUND.** See the "State's proposed Memorandum, Findings of Fact and Conclusions of Law" at p.1; 2; 9, ¶50.

12: The State's proposed findings and Conclusions of Law also for some strange reason misconstrue several of my ineffective assistance of counsel grounds as "record claims" that could have been raised on direct appeal. When in fact they are **INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS THAT WERE DESIGNATED BY THE TRIAL COURT TO BE RESOLVED— THE RECORD FROM TRIAL DID NOT CONTAIN ANY EVIDENCE AS TO DEFENSE COUNSEL'S STRATEGY , ETC. THOSE CLAIMS ARE NOT PER SE RECORD CLAIMS.**

   a) See State's proposed findings/Conclusions p.9, ¶50(Ground #20 is a Ground that Fortinberry answered erroneously on

p.4 objection

**habeas as shown above, falsely alluding to having made an objection.)** Ground #20 is a ground that needed to be developed on the writ of habeas corpus. Now that he has responded to it in his affidavit falsely alluding to have objecting in an attempt to deceive this Court, the record now proves that his failure to object was not a strategy. Before that, the record was insufficient to resolve Ground #20.

b: See also p. 9, ¶52 of STate's proposed findings. Applicant's Ground #26 is not a record claim either. It too is an **INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.** Nothing in the record from trial explained why Hon. Fortinberry failed to object in that ground. Now from his affidavit attempt to sidestep the actual issue raised, never actually addressing the issue raised, it is clear that his failure to object as presented in that Ground was not a strategy.

c: The same goes for Ground #24, another ineffective assistance of counsel ground answered incorrectly by Hon. Fortinberry, Not a record claim. See State's proposed findings/conclusions at p.10, ¶54

d: The same also goes for Ground #23, another ineffective assistance of counsel ground the State mistakenly called a record claim. See State's proposed findings p. 13, ¶13. I should surely be granted relief on all of those grounds.

Without saying more here because the officer told me to hurry up if I want him to put this, and the copy for the State in the mailbox, I will finish. As soon as I am allowed to go to the mailroom I will send you detailed objections to show you that the State's proposed findings are incorrect according to the record , facts, and law on every Ground(BRADY GROUNDS, ETC.) I was forced to write this in a rush. I was not informed through the mail room that the trial court adopted the State's findings until Jan. 28th, so this objection should be considered timely. I have already sent objections to the trial Court, but the Court had adopted the State's proposed finding and sent them to you before my timely objections reached them in the mail. I should be granted

habeas relief on all of my grounds. I was denied a public trial without ever having knowledge of that right. My lawyer did not object **based on inattention and neglect** not reasoned trial strategy. You should get my actual detailed objections in as soon as I am able to go and mail them certified. On this unit too many inmates who mail legal mail without doing it certified end up having the mail lost, etc. **THANKYOU.**

Respectfully Submitted,

_Desmond Ledet_

Desmond Ledet #01651095
Telford Unit
3899 State Hwy.98
New Boston, TX 75570

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to the TARRANT COUNTY TEXAS CRIMINAL DISTRICT ATTORNEY'S OFFICE located at 401 W. Belknap, Fort Worth, TX 76196-0201, **handed to a prison officer with instructions to place in prison mailbox on Feb.2, 2015.**

_Desmond Ledet_

**Desmond Ledet**

Page 106

previously agreed to.

MR. FORTINBERRY: No objections, Your Honor.

THE COURT: State's Exhibit 20 is admitted.

MS. McCORMICK: Your Honor, we'd ask to read the stipulation we're going to publish at the same time on the Smart Board.

Cause Number 1152016, State of Texas versus Desmond Ledet, in the 396th Criminal District Court, Tarrant County, Texas. Stipulation of evidence.

It's hereby agreed and stipulated between Desmond Ledet, the Defendant in the above styled and numbered cause, with the advice and consent of his attorney, Curtis Fortinberry --

THE COURT: Ms. McCormick, this poor lady is trying to write down what you're saying.

MS. McCORMICK: Your Honor, I have no objection if she doesn't take contemporaneous notes. It's in evidence. It's a written document. If that would make --

THE COURT: Do you any objection? That's fine. We'll let her rest.

MR. FORTINBERRY: We stipulated. She can publish it and let the jury read it at their leisure as far as we're concerned.

Page 108

a witness.

THE DEFENDANT: Yes, sir.

THE COURT: You understand you have a right not to testify.

THE DEFENDANT: Yes, I do, sir.

THE COURT: You understand it's your right, it's your right to exercise or not exercise. You should get advice from your attorney, but it's still your right to do it or not do it.

THE DEFENDANT: Yes, sir.

THE COURT: You understand that if you take the stand, the State will have the right to cross-examine you in all relevant matters?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. We're about to take a break. Do you need additional time to talk to your attorney regarding your decision to testify or not testify?

THE DEFENDANT: No, sir. I just need to take a little tinkle real quick.

THE COURT: We're going to take a break.

MR. FORTINBERRY: Your Honor, I do have one question for my client.

THE COURT: Okay.

Page 107

THE COURT: Okay. Go ahead. You don't have to write it down.

(State's Exhibit 20 published)

MS. McCORMICK: Your Honor, at this time, ladies and gentlemen of the jury, the State of Texas rests on the issue of guilt.

THE COURT: Probably a good time for a break. We'll take about a 15-minute break. Don't talk about the case.

(Jury leaves courtroom)

THE COURT: Let's talk about what we're going to do. Are you going to have witnesses?

MR. FORTINBERRY: Yes, we are.

THE COURT: You are going to call your client?

MR. FORTINBERRY: Yes, Your Honor.

THE COURT: Okay. Why don't I talk -- Mr. Ledet, I'll ask you to raise your right hand. You can do it from there.

(Defendant sworn)

THE COURT: You can put your hand down. Would you state your name?

THE DEFENDANT: Desmond Ledet.

THE COURT: Mr. Ledet, it's been indicated to me by your attorney that you -- he plans to call you as

Page 109

VOIR DIRE EXAMINATION
BY MR. FORTINBERRY:

Q. Mr. Ledet, you do understand that if you take the stand as a witness, that as a witness you lose the presumption of innocence and you will -- your testimony would be treated as any other witness?

A. Yes.

MR. FORTINBERRY: Nothing further, Your Honor.

THE COURT: Okay. We'll take a break. Is he going to be your first witness when we come back?

MR. FORTINBERRY: Yes, Your Honor.

THE COURT: Okay.

(Recess taken)

(Open court, Defendant and jury present)

THE COURT: Y'all can have a seat. Okay. I'll recognize the Defense.

MR. FORTINBERRY: At this time we'd like to call Desmond Ledet to the stand.

THE COURT: Okay. Come on up.

MR. FORTINBERRY: Your Honor, there's -- go ahead. May we approach?

(At the Bench, off the record)

THE COURT: Mr. Ledet, you've been sworn, so you can have a seat.

31 (Pages 106 to 109)

p.7 objection

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 20 2014

TIME_____
BY_____
_____ DEPUTY

NO. C-396-1152016-A

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **396TH JUDICIAL DISTRICT** |
| | § | |
| **DESMOND LEDET** | § | **TARRANT COUNTY, TEXAS** |

## AFFIDAVIT OF ATTORNEY CURTIS L. FORTINBERRY

BEFORE ME, the undersigned authority, personally appeared Curtis L. Fortinberry, who being duly sworn, deposes as follows:

"My name is Curtis L. Fortinberry. I am at least 18 years of age and of sound mind. The facts stated in this affidavit are within my personal knowledge and are true and correct."

"I was appointed this case on September 14, 2009 and will address all 34 of Petitioner's points.

Ground 1:

Although the courtroom was full, there was space for Petitioner's parents. Petitioner's claims that I refused to allow his parents in are false. I did tell them I did not know where the would sit during voir dire. I never said they were not allowed in the courtroom. I was busy getting ready for jury selection so I did not make an attempt to see to it that they had accommodations in the courtroom during voir dire.

Ground 2:

I fail to see how Petitioner "suffered a structural defect" due to defense counsel not objecting to Petitioner's parents not being in the courtroom during voir dire. Because the gallery was full, Petitioner's parents assumed they were not allowed in. I was never asked to see if there was somewhere else they could sit during voir dire.

Ground 3:

I cannot speak for the trial judge as to why he did not perform a "sua sponte "Waller" test, nor did I see the need for one. Petitioners parents were present for his trial and were not excluded from the voir dire portion.

p.8   objection

Ground 4:

I do not believe that his parents not being in the courtroom during voir dire constitutes a violation of his sixth and fourteenth amendment rights to a public trial. As stated in ground 1, to my knowledge the courtroom was not closed to the public.

Grounds 5-19:

(I did not answer each separately as each ground states essentially the same thing, that I was ineffective for not objecting to the police interview)

It was my trial strategy to not object to the interview as, in my opinion, reinforced our contention that Petitioner was innocent. Although pressured by the police detectives, Petitioner continued to maintain in innocence. I wanted the jury to see that he never wavered in spite of the persistence of the detectives. Petitioner knew this prior to trial and never questioned me regarding this.

Ground 20:

Our defense was not that Petitioner never had sex with the victim, but that it was consensual. Defendant admitted this. So I do not see how it was ineffective for me to object to this line of questioning.

Ground 21:

In addition to my answer to ground 20, Petitioner admitted to having sex with the victim in a letter he wrote to the district attorney.

Ground 22:

I don't understand this ground. What he did not say, nor did he ever say, was that he raped the victim. That was the entire defense in this case, that it was consensual.

Ground 23:

This goes back to my answer in grounds 5-19.

Ground 24:

The State explained in voir dire, that if a defendant chose to testify, they had no special protection, that the jury did not have to believe them and presume what that person testified to was true. At no time did the State allude that if a person testified that they lost the presumption of innocence.

Ground 25:

This is simply not true. I did not ever tell Petitioner that he lost the presumption of innocence just because he testified.

Ground 26:

The State asserts in closing argument that he knew what he was doing, that he knew the neighborhood. He knew where to go to have undetected sex. The fact that he went to a location and did in fact have undetected sex indicates he knew where he was going. This is not outside the scope of the evidence presented.

Grounds 27, 28 & 29:

Petitioner asserts that the victim had "multiple convictions" I saw no evidence of this. There are two offense reports in which the victim is the complainant but none where she is the suspect. The State produced no criminal histories of the victim even after a motion to do so was filed. The officer also denied the existence of a criminal history for the victim under oath.

Grounds 30, 31 & 32:

This ground alleges impeachment evidence regarding two offense reports in which the victim was the injured party. In one case, after making the deadly conduct - family member report, she refused to cooperate in the investigation and the detective wasn't convinced complainant did not embellish the story. The other offense report was another assault family violence. The police interviewed both her and the suspect and the detective determined that the complainant really didn't care about the case so he cleared it and said that all the elements of assault were not met.

I do not believe this is impeachment evidence as she was not questioned about it so she did not deny anything regarding these reports. Furthermore the mere fact that the police did not file a case against the two suspects does not mean the assaults did not happen.

Ground 33:

Petitioner is simply not telling the truth. As stated earlier in this response, the interview was not objected to because Petitioner steadfastly protested his innocence despite vigorous interrogation. The intent was to show the jury that if he was guilty he would not have maintained his innocence even when the detectives came at him from many different angles.

Ground 34:

This ground states no "ground" except for grounds 1-33

Ms. Gilliland and I worked many hours on Petitioner's case. We read all of Petitioner's letters (approximately 20) which included areas of questioning for trial. Petitioner was very engaged in the defense of his case. We discussed the strategy and theme of his case. He knew what we were attempting and was in full agreement. Many of the grounds alleged are either false statements, or taken out of context. Although the jury ultimately did not believe it was consensual sex, they did believe him when he said he did not use a weapon, convicting him of a second degree felony rather than a first degree felony.

We were not ineffective in the defense of Petitioner and request that the Court deny his habeas corpus relief.

Curtis L. Fortinberry

SUBSCRIBED AND SWORN TO BEFORE ME on October 15, 2014 by Curtis L. Fortinberry.

Lanette Martinez
Notary Public, State of Texas

LANETTE A. MARTINEZ
Notary Public, State of Texas
My Commission Expires
June 08, 2015

p.11 objection